## William R. Cobb *versus* Ivory H. Billings.

The sale of ardent spirits in less quantities than twenty-eight gallons by a person without license therefor, is illegal; and no action can be maintained for the price thereof.

The statute against retailing excepts from its prohibitions, the sale and carrying away, at one and the same time, of spirituous liquors in quantities equal to or exceeding twenty-eight gallons. And it comes within the exception, if the liquors making up the twenty-eight gallons in the whole are of several kinds.

Assumpsit for goods sold and delivered as by a bill of particulars annexed to the writ.

The facts are given in the opinion of the Court.

*Willis* and *Fessenden,* for the plaintiff.

*Longfellow,* for the defendant.

The opinion of the Court was drawn up by

WHITMAN C. J. — The account declared upon is for articles of merchandize sold and delivered; a considerable portion of which consisted of ardent spirits. No question is made as to the sale and delivery of any part of them. But it is agreed, that the plaintiff was not licensed to retail ardent spirits; and the defendant objects to his recovering for that part of the account which is for ardent spirits. But, by the statement of facts agreed upon, it appears, that, in each instance of the sale of ardent spirits, with one exception, several kinds were purchased, and carried away at one and the same time, amounting in the aggregate to more than twenty-eight gallons; although there was not, in any instance, twenty-eight gallons of any single kind. We have no doubt that the defence is maintainable, as to the particular item forming the above exception, as it was for less than twenty-eight gallons. That sale was clearly a violation of law; and no promise can be held obligatory at law, which originates in a palpable violation of a positive statute. But statutes, which are highly penal, or work a forfeiture, are not to be extended in their construction beyond what the letter of their enactments manifestly requires.

The statute against retailing excepts from its prohibitions the sale and carrying away, at one and the same time, of spirituous liquors, in quantities equal to or exceeding twenty-eight gallons. It does not seem to be material, that the twenty-eight gallons so to be sold and carried away, should be in one compact mass. If it be taken in several kegs or vessels, and all purchased and carried away at the same time, it would come within the exemption; and we do not see that it should make any difference, if such kegs or vessels were filled with spirits of various kinds. They would be spirituous liquors, and all sold and carried away at the same time. If they were mixed together, and sold in quantities of twenty-eight gallons or over, no one would doubt that they came within the exemption, even although, for the purpose of transportation, they were divided and conveyed in vessels of sizes much smaller than

Freeport *v.* Pownal.

would contain twenty-eight gallons ; and why should it make any difference, if the kinds, amounting in the aggregate to the exempted quantity, were kept separate, and conveyed away in a similar manner ?   We do not perceive that the mischief intended to be prevented, would thereby be aided or promoted. We think, therefore, that the plaintiff should recover the amount of his account, with the exception of the item sold in violation of law ; and judgment may be entered accordingly as upon default, deducting the credits given.

The claim to have these credits set off against the illegal item we think inadmissible.   They are payments *pro tanto.* Neither party has made any specific appropriation of them. In such case they must be deemed to have been made in discharge of the items in the account bearing the oldest date ; and not being sufficient to balance those of a date prior to the one in question, this cannot be considered as cancelled thereby.